**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| FASTTRAC TRANSPORTATION, LLC | § § | |
| Plaintiff, | § § | |
| v. | § § | No. _____ |
| PEDIGREE TECHNOLOGIES, LLC | § § § | |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, FastTrac Transportation, LLC, a Texas limited liability company ("**FastTrac**"), files this Complaint against Defendant, Pedigree Technologies, LLC, a North Dakota limited liability company ("**Pedigree**"), as follows:

**PARTIES AND SERVICE**

1.  Plaintiff, FastTrac Transportation, LLC, is a Texas limited liability company with its principal place of business in Harris County, Texas.

2.  Defendant, Pedigree Technologies, LLC, is a North Dakota limited liability company with its principal place of business in Cass County, North Dakota. Pedigree may be served with citation and notice of this complaint by serving its registered agent Alex Warner at 4776 28th Ave. S., Ste. 101, Fargo, North Dakota, 58104, or wherever he may be found.

**JURISDICTION AND VENUE**

3.  This Court has subject matter jurisdiction over FastTrac's claims under 28 U.S.C. § 1332 because Pedigree is a citizen of North Dakota and FastTrac is a citizen of a foreign state other than North Dakota, such that complete diversity exists between FastTrac and Pedigree.

4.  The value of the matters in controversy exceed seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5.  Venue is proper in the United States District Court for the District of North Dakota pursuant to 28 U.S.C. § 1391(b)(1)-(2).

## SUMMARY OF THE CLAIMS AND REQUESTED RELIEF

6.  This action is based upon material breaches of a commercial agreement related to hardware and software purported to help track the movement of commercial truck fleets.  FastTrac asserts claims for breach of contract, breach of express and implied warranties, fraudulent misrepresentation, fraudulent inducement/deceit, and products liability.  FastTrac seeks recovery of monetary damages, as well as all costs of court, incurred at all stages of trial and appeal.

## BACKGROUND

7.  Since 1996, FastTrac has been a leader in the transportation of equipment, materials, and supplies throughout the United States.  FastTrac's fleet operates throughout the U.S., 24 hours a day, 365 days a year.

8.  Pedigree is a provider of software and hardware solutions which Pedigree claims (and regularly advertises) are designed to help companies track, monitor, and diagnose high-value assets and collaborate with mobile workers through Pedigree's proprietary "OneView" platform. According to Pedigree's website, the Pedigree system provides companies with "complete visibility into their operations, allowing them to make better business decisions."[1]

---

[1] *See* https://pedigreetechnologies.com/company/.

9. Pedigree offered to sell FastTrac its dual-view CameraView Dash Cam system (the "**Dash Cam**"), including licenses of its fleet management software system with diagnostics. Pedigree represented to FastTrac its solutions would help FastTrac with electronic management of its vehicles and automation of driver logbook entries. A picture of the Dash Cam is provided below:



10. Pedigree recommended FastTrac place the Dash Cams in FastTrac's commercial trucking vehicles. Pedigree represented this would automate the logbook process and provide FastTrac and its clients with real-time data regarding the location and activities of its vehicles and drivers. Pedigree's Dash Cam hardware, software, services, and equipment are collectively referred to as the "**Pedigree System**."

11. In addition to making processes more efficient for FastTrac, the Pedigree System was necessary to allow FastTrac to comply with federal regulations requiring electronic logging devices ("**ELD's**")[2] in commercial trucking vehicles.

---

[2] An electronic logging device is electronic hardware carried in the truck cab. It records data regarding the operation of the vehicle, as well as driver activity including driver hours of service ("HOS") and record of duty status

12. Pedigree represented to FastTrac the Pedigree System would provide continuous recording from and access to the Dash Cams. Based on the express representations of and inducement by Pedigree that the Pedigree System would perform as promised, on or about May 30, 2019, FastTrac and Pedigree entered into the OneView Contract Agreement (the "**Agreement**"). A copy of the Agreement is attached as **Exhibit "A."** Based upon the promises and representations of Pedigree, FastTrac paid Pedigree monthly payments for use of the Pedigree System starting May 30, 2019. Since the inception of the Agreement, Pedigree has been paid $714,018.69 pursuant to the Agreement.

13. To FastTrac's disappointment, the Pedigree System neither accurately nor reliably provided data from FastTrac vehicles to the Dash Cam, nor did it permit FastTrac to automate its drivers' logbooks. The Dash Cams and Pedigree System have failed and continue to fail to meet the level of functionality that was guaranteed to FastTrac prior to entering into the Agreement. As Pedigree is aware, FastTrac purchased the Pedigree System in furtherance of its Safety and Risk Management objectives. When the Dash Cams are needed most, they often are reconnecting to the wireless network and/or not recording. The Pedigree System's failure to function properly has caused the Dash Cams to miss or otherwise fail to record valuable information relating to driver and payload status and vehicle accidents. For purposes of Safety and Risk Management—which is the primary function of the Pedigree System—the missed seconds (much less minutes) are critical when an accident occurs to be able to obtain relevant information such as the location and status of the driver and/or vehicle.

---

("RODS"). The United States Federal Motor Carrier Safety Administration ("FMCSA") specifies that ELD use is mandatory for most commercial vehicles beginning Dec. 18, 2017, and for all vehicles covered under this legislation by Dec. 16, 2019.

14. Additionally, the Pedigree System fails to properly report the "status" of FastTrac's drivers. Drivers who are in the sleeper birth of their trucks were often erroneously put into "On-Duty" status and drivers who were "On-Duty" were often put into "Off-Duty" status with no plausible cause or explanation. As a result, FastTrac's safety team has been forced to perform hours editing the "status" of its drivers in the Pedigree System, which often becomes unresponsive, and the screen goes blank due to the connectivity issues.

15. Nor does the Pedigree System provide continuous recording from and access to the Dash Cams contrary to Pedigree's promises to FastTrac. The Dash Cams record in what appears to be two-minute intervals thereby failing to record vast amounts of time and effectively causing "blind spots" in FastTrac's operations. FastTrac receives hundreds of alerts each day regarding the Pedigree System continually disconnecting and reconnecting. With the Pedigree System disconnecting and reconnecting, FastTrac misses opportunities to assess vital information regarding the tracking of its vehicles, its drivers' behaviors, activities, and payloads.

16. FastTrac is informed and believes that a fatal flaw exists in the Pedigree System hardware and software sold to FastTrac that prevents it from working properly.

17. FastTrac has repeatedly sought technical assistance from Pedigree to find a remedy for the flaws in the Pedigree System. Instead of correcting the issues with the Pedigree System, Pedigree has failed to provide any meaningful response. Pedigree's technical support is unavailable during crucial hours of the day, its responses to requests from FastTrac have been insufficient, and Pedigree's own management has refused or is unwilling to take any corrective action. Pedigree failed to timely respond to service requests and often failed to respond at all.

18. FastTrac is informed and believes that on or about the time the Agreement was executed, Pedigree knew that a fatal defect existed in its software that would prevent it from

performing as promised—but it never disclosed that defect to FastTrac, nor made any reasonable attempt to correct the related problems.

19. The U.S. Department of Transportation ("DOT") requires that ELD's automatically determine when a vehicle is in motion or stopped. 80 Fed. Reg. at 78392. An ELD cannot be set to a threshold of more than five (5) miles per hour for a period of three (3) seconds or more. *Id.* at 78336. The Pedigree System does not meet this requirement because a vehicle will be placed in "drive time" and the motion is only recorded if the vehicle is driving in excess of five (5) miles per hour for a period of two (2) minutes or more.

20. After numerous attempts to work through the issues in good faith with Pedigree, FastTrac sent Pedigree a demand to cure on August 13, 2021.

21. Not only did Pedigree fail to cure its own defects, but it also attempted to foist the blame on FastTrac citing unsubstantiated claims of lack of "product training" and recommending "effective change management."

22. In order to meet its regulatory requirements and maintain its operations, FastTrac has been required to purchase a replacement ELD system at a substantial cost.

## CAUSES OF ACTION

### *Count 1 – Breach of Contract*

23. On or about May 30, 2019, FastTrac entered into the Agreement with Pedigree.

24. At all times, FastTrac fully complied with its obligations under the Agreement.

25. Pedigree has breached the Agreement by failing to comply with its obligations under the Agreement and by manifesting through its express words and actions an absolute repudiation of its obligations under the Agreement, for which it has no excuse.

26. As a result of Pedigree's multiple breaches of the Agreement, FastTrac has been damaged in an amount to be proven at trial.

### Count 2 – Breach of Warranty and Duty, Express and Implied

27. Due to the failures of the Pedigree System, Pedigree has breached warranties, express and implied, that the Pedigree System would operate properly and continuously, is fit for its intended purposes, and would comply with applicable federal or state rules and/or regulations applicable to commercial trucking ELD's.

28. Due to the breaches of warranty by Pedigree, FastTrac has been and continues to be damaged in an amount to be proven at trial.

### Count 3 – Fraud / Fraudulent Misrepresentation

29. FastTrac and Pedigree entered into the Agreement, attached as Exhibit A.

30. Pedigree had a duty to accurately represent the functions of the Pedigree System and the support that would be provided to FastTrac in exchange for FastTrac's monthly payments under the Agreement.

31. Prior to entering into the Agreement, Pedigree misrepresented the quality, usability, effectiveness, viability, and ability of the Pedigree System.

32. FastTrac reasonably relied upon Pedigree's misrepresentations as an inducement to entering into the Agreement. Had FastTrac been aware that Pedigree's representations were false at the time they were made, FastTrac would not have entered into the Agreement.

33. Pedigree's misrepresentations are material because they relate to substantive aspects of the Pedigree System that are critical to the successful operation of FastTrac's business and relationship with its clients.

34. Pedigree's misrepresentations, even if believed to be accurate by Pedigree, were a positive assertion, in a manner not warranted by the information of the person making it, of that which is not true though he believes it to be true, constituting fraud/misrepresentation under North Dakota law, including NDCC § 9-03-08(2).

35. In addition, upon information and belief, Pedigree knew of and actively concealed a material defect in the Pedigree System from FastTrac whereby certain wireless connections could not and would not work properly between the hardware and the software, constituting fraud/misrepresentation under North Dakota law, including NDCC § 9-03-08(3).

36. As a result of the Pedigree's misrepresentations, FastTrac has been prejudiced and continues to be financially damaged in an amount to be proven at trial.

### Count 4 – Products Liability

37. The Pedigree System, and specifically including, but not limited to, the Dash Cams, are products within the meaning of North Dakota product liability law.

38. The Pedigree System was expected to reach, and did reach, FastTrac, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed.

39. Pedigree created the Pedigree System for the purpose of providing continuous tracking, monitoring, and diagnostics of commercial trucking vehicles.

40. At all times, FastTrac used the Pedigree System in a manner intended and/or foreseeable to Pedigree.

41. FastTrac, as a reasonable buyer or user of the Pedigree System, would expect that the Pedigree System would be free of significant defects.

42. The Pedigree System fails to accurately or reliably provide data from FastTrac vehicles to the Dash Cam recommended by Pedigree, nor does it permit FastTrac to automate its drivers' logbooks. The Pedigree System also fails to provide continuous recording and complete visibility into the operations of FastTrac's commercial trucks and drivers.

43. The Pedigree system is unreasonably dangerous in construction or composition because it deviated in a material way from Pedigree's specifications or performance standards for the Pedigree System or from otherwise identical products manufactured by Pedigree.

44. The Pedigree System is unreasonably dangerous in design in that there existed an alternative design for the Pedigree System that was capable of preventing FastTrac's damages, and the likelihood that the Pedigree System's design would cause FastTrac damage, and the gravity of that damage outweighed the burden on Pedigree of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the Pedigree System.

45. The Pedigree System is unreasonably dangerous because of inadequate warning in that, at the time the Pedigree System left control of Pedigree, the Pedigree System possessed a characteristic that may cause damage and Pedigree failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users, buyers, and/or handlers of the Pedigree System, including FastTrac.

46. Pedigree is liable to FastTrac for more than $75,000 under North Dakota products liability law, including, but not limited to, NDCC §§ 28-01.3-01, 28-01.3-06.

WHEREFORE, Plaintiff FastTrac Transportation, LLC demands judgment in its favor and against Pedigree Technologies, LLC in an amount exceeding $75,000.00, exclusive of costs, interest, and any other award this Court deems to be just and is recoverable under the Agreement. If applicable, FastTrac seeks recission of the underlying Agreement.

Respectfully submitted,


By:   /s/ *Brad J. Brown*
     Brad J. Brown (ND Bar #07571)
     Erik J. Edison (ND Bar #08790)
     CROWLEY FLECK PLLP
     PO Box 797
     Helena, Montana 59624
     (406) 449-4165 Main
     (406) 449-5149 Fax
     bbrown@crowleyfleck.com
     ejedison@crowleyfleck.com


By:   /s/ *William A. Gage, Jr.*
     William A. Gage Jr. *
     SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP
     717 Texas Ave., 27th Floor
     Houston, Texas 77002
     (832) 669-6055 Main
     (832) 565-9030 Fax
     bgage@shackelford.law

      * Admitted to the United States District Court
      for the District of North Dakota

     **ATTORNEYS FOR PLAINTIFF,**
     **FASTTRAC TRANSPORTATION, LLC**