IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| FASTTRAC TRANSPORTATION, LLC, | ) |
| | ) Case No. 3:22-CV-00053-PDW-ARS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **DEFENDANT'S ANSWER TO** |
| PEDIGREE TECHNOLOGIES, LLC, | ) **PLAINTIFF'S COMPLAINT** |
| | ) |
| Defendant. | ) |
| | ) |

Defendant Pedigree Technologies, LLC ("Pedigree"), for its Answer, states and alleges as follows. Pedigree denies each and every allegation contained in the Complaint unless hereafter specifically admitted, qualified, or otherwise answered.

## PARTIES AND SERVICE

1. Pedigree lacks information sufficient to admit or deny the allegations of Paragraph 1 and therefore denies the same.

2. Pedigree admits the allegations of Paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 states legal conclusions, not factual allegations, and thus a factual response is not required.

4. Pedigree admits the allegations of Paragraph 4.

5. Paragraph 5 states legal conclusions, not factual allegations, and thus a factual response is not required.

## SUMMARY OF THE CLAIMS AND REQUESTED RELIEF

6. Paragraph 6 sets forth a summary of the claims asserted in this action, not factual allegations, and thus a factual response is not required.

## BACKGROUND

7. Pedigree lacks information sufficient to admit or deny the allegations of Paragraph 7 and therefore denies the same.

8. Pedigree admits the allegations of Paragraph 8.

9. As to the allegations in Paragraph 9, Pedigree admits that it provided FastTrac Transportation LLC ("FastTrac") with its forward-facing dash camera ("Dash Cam"). Pedigree denies that it represented to FastTrac that its Dash Cam would help FastTrac with electronic management of its vehicles and would provide automation of driver logbook entries. Pedigree affirmatively states that the Dash Cam is a video recording device that captures footage of events taking place on the road. Pedigree further states that, in addition to the Dash Cam, Pedigree provided FastTrac with its Cab-Mate One touchscreen tablet ("Cab-Mate") equipped with a telematics box. The telematics box of the Cab-Mate connects directly to the vehicle and collects data regarding the location and activities of the vehicle. That data is used by the Cab-Mate to generate electronic drivers' logs.

10. As to the allegations in Paragraph 10, Pedigree admits that it provided FastTrac with its Dash Cam. Pedigree denies that it represented to FastTrac that its Dash Cams would automate the logbook process and provide FastTrac and its clients with real-time data regarding the location and activities of its vehicles and drivers. Pedigree affirmatively states that the telematics box of the Cab-Mate collects data regarding the location and activities of the vehicle. The data regarding the location and activities of the vehicle is then transferred to the Cab-Mate which subsequently uploads the information onto Pedigree's OneView platform ("OneView") so

that it may be viewed by users of the platform. The data collected by the telematic box is available to assist the driver in managing their logs.

11. Pedigree admits the allegations of Paragraph 11.

12. As to the allegations in Paragraph 12, Pedigree admits that it represented to FastTrac that its Dash Cam would provide continuous loop recording and that FastTrac could access the footage captured on the Dash Cam via the OneView platform. Pedigree further admits that it entered into a contract with FastTrac on or around June 20, 2019. Pedigree denies the remaining allegations of Paragraph 12.

13. Pedigree denies Paragraph 13 to the extent it alleges the Dash Cam, Cab-Mate, or OneView platform failed to function properly and/or were defective. Pedigree lacks information sufficient to admit or deny the remaining allegations of Paragraph 13 and therefore denies the same.

14. Pedigree denies Paragraph 14 to the extent it alleges Pedigree, or one of its products, failed to properly report status changes. Pedigree affirmatively states that its system operates in accordance with applicable federal regulations. Pedigree lacks information sufficient to admit or deny the remaining allegations of Paragraph 14 and therefore denies the same.

15. As to the allegations in Paragraph 15, Pedigree denies that its Dash Cam fails to provide continuous loop recordings. Pedigree affirmatively states that its Dash Cam provides recordings on approximately a 64-hour loop and not in two-minute intervals as alleged. Pedigree lacks information sufficient to admit or deny the remaining allegations of Paragraph 15 and therefore denies the same.

16. Pedigree denies the allegations of Paragraph 16.

17. As to the allegations in Paragraph 17, Pedigree denies that it failed to meaningfully and timely respond to FastTrac's service requests. Pedigree further denies FastTrac's allegation that its technical support is "unavailable during critical hours of the day" and affirmatively states that Pedigree has technical support available 24 hours a day seven days a week.

18. Pedigree denies the allegations of Paragraph 18.

19. Paragraph 19 states legal conclusions, not factual allegations, and thus a factual response is not required. To the extent Paragraph 19 purports to describe federal regulations, Pedigree states that the regulations speak for themselves.

20. Pedigree denies the allegations of Paragraph 20.

21. Pedigree denies Paragraph 21 to the extent it alleges that the Dash Cam, Cab-Mate, or OneView platform failed to function properly and/or were defective. Pedigree admits that it notified FastTrac that the issues FastTrac claimed to be experiencing could be independently resolved by FastTrac with product training and effective change management.

22. Pedigree lacks information sufficient to admit or deny the allegations of Paragraph 22 and therefore denies the same.

## CAUSES OF ACTION

### Count 1 – Breach of Contract

23. Pedigree admits that it entered into a contract with FastTrac on or around June 20, 2019.

24. Pedigree denies the allegations of Paragraph 24.

25. Pedigree denies the allegations of Paragraph 25.

26. Pedigree denies the allegations of Paragraph 26.

### Count 2 – Breach of Warranty and Duty, Express and Implied

27. Pedigree denies the allegations of Paragraph 27.

28. Pedigree denies the allegations of Paragraph 28.

### Count 3 – Fraud / Fraudulent Misrepresentation

29. No answer is required to this paragraph as a result of the dismissal of the claim.

30. No answer is required to this paragraph as a result of the dismissal of the claim.

31. No answer is required to this paragraph as a result of the dismissal of the claim.

32. No answer is required to this paragraph as a result of the dismissal of the claim.

33. No answer is required to this paragraph as a result of the dismissal of the claim.

34. No answer is required to this paragraph as a result of the dismissal of the claim.

35. No answer is required to this paragraph as a result of the dismissal of the claim.

36. No answer is required to this paragraph as a result of the dismissal of the claim.

### Count 4 – Products Liability

37. No answer is required to this paragraph as a result of the dismissal of the claim.

38. No answer is required to this paragraph as a result of the dismissal of the claim.

39. No answer is required to this paragraph as a result of the dismissal of the claim.

40. No answer is required to this paragraph as a result of the dismissal of the claim.

41. No answer is required to this paragraph as a result of the dismissal of the claim.

42. No answer is required to this paragraph as a result of the dismissal of the claim.

43. No answer is required to this paragraph as a result of the dismissal of the claim.

44. No answer is required to this paragraph as a result of the dismissal of the claim.

45. No answer is required to this paragraph as a result of the dismissal of the claim.

46. No answer is required to this paragraph as a result of the dismissal of the claim.

## AFFIRMATIVE DEFENSES

47. The Complaint fails to state a claim upon which relief could be granted.

48. FastTrac's claims fail under the doctrines of laches, waiver, and/or estoppel.

49. FastTrac's claims are barred because it has suffered no damages as a result of Pedigree's alleged actions.

50. To the extent any damages were suffered, FastTrac's claims are barred because it has failed to mitigate its damages.

51. To the extent any damages were suffered, they were not caused by Pedigree but were due to circumstances outside of Pedigree's control and/or the actions or inactions of others, including but not limited to FastTrac's own conduct, fault, and/or negligence.

52. Pedigree reserves the right to amend its Answer to assert other affirmative defenses upon further investigation and discovery, including but not limited to those as set forth in Rules 8, 9, and 12 of the Federal Rules of Civil Procedure.

## COUNTERCLAIMS

For its Counterclaim against FastTrac, Pedigree states and alleges as follows:

53. Pedigree is a North Dakota limited liability company with its principal place of business in Cass County, North Dakota. Pedigree is a software company. Its flagship product is its OneView platform, a cloud-based SaaS IOT platform with solution sets for fleet and equipment management, among other solutions. The OneView platform enhances operational data visibility to assist companies with such things as monitoring and tracking the location of equipment, monitoring equipment diagnostics/behavior and assisting customers track and record information pertaining to drivers' hours and vehicle inspection reports.

54. FastTrac is a Texas limited liability company. FastTrac is a transportation and logistics company.

55. On or around June 20, 2019, FastTrac and Pedigree entered into a OneView Contract Agreement (the "OneView Contract") pursuant to which Pedigree agreed to lease 650 units of its Cab-Mate and Dash Cam to FastTrac for a total recurring monthly charge of $35,725.00. The OneView Contract had an initial term of 36 months. FastTrac subsequently ordered additional products and services from Pedigree pursuant to separate purchase orders or quotes. The OneView Contract together with the Terms and Conditions attached thereto, and any addenda, amendments, supplements or additional orders entered into between the parties from time to time, collectively constituted the "Master Agreement" between FastTrac and Pedigree.

56. In the summer of 2020, FastTrac had fallen behind in its payments due under the OneView Contract. FastTrac explained that it had misplaced thousands of dollars of hardware which had never been installed and requested partial forgiveness of past due invoices for the missing equipment, as well as relief from future contractual obligations relating to that equipment.

57. Despite costing Pedigree significant contracted revenue, Pedigree agreed to accommodate the request to reduce FastTrac's contractual commitment in exchange for FastTrac's commitment to extend the term of the Master Agreement through July 31, 2023. FastTrac and Pedigree signed a OneView Contract Addendum, effective August 1, 2020 which extended the term of the Master Agreement through July 31, 2023 (the "Addendum").

58. Pursuant to the Addendum, FastTrac agreed to maintain a minimum of 419 units for a continuous 12 month period beginning August 1, 2020. Thereafter, FastTrac would have the ability to request certain adjustments.

59. Notwithstanding its obligation to maintain a minimum of 419 units, FastTrac maintained only 412 units as of August 1, 2020. Pedigree invoiced FastTrac each month for amounts due through March, 2022. As of March, 2022, the total amount due and unpaid by FastTrac was $248,282.90.

60. Since March, 2022, FastTrac has had possession of the products Pedigree leased to FastTrac (the "Detained Equipment"). FastTrac has failed to either return or make payments for the Detained Equipment. The total amount due and owing by FastTrac to Pedigree (as of August 1, 2022) is $403,216.90.

61. Pursuant to the Master Agreement, including the Addendum, FastTrac will continue to incur $29,176 in recurring monthly charges, plus tax in the amount of $1,810.80, for a total amount due of $30,986.80. To the extent such amounts are not paid when due, such amounts will constitute additional breaches and damages to Pedigree.

62. Pursuant to the Master Agreement, FastTrac is obligated to reimburse Pedigree for all collection and litigation expenses, including attorney's fees, incurred by Pedigree to collect amounts due under the Master Agreement.

## Count 1 – Breach of Contract

63. FastTrac entered into a series of agreements, including the OneView Contract Agreement, the Addendum, and various supplements thereto, all of which collectively constitute the "Master Agreement" with Pedigree.

64. FastTrac has had continuous possession and use of Pedigree's products at all times since entering into the Master Agreement with Pedigree, including at all times since August 1, 2020 when it entered into the Addendum.

65. FastTrac has failed to pay amounts due to Pedigree pursuant to the Master Agreement. FastTrac's failure to pay such amounts constitutes a breach of contract.

66. Pedigree has been damaged as a result of FastTrac's breach of contract in the amount of $403,216.90 through August 1, 2022.

67. FastTrac has a recurring monthly obligation to Pedigree under the Master Agreement in the amount of $30,986.80 and the failure to pay such amounts as they become due will constitute additional breaches and damages pursuant to this claim.

68. If FastTrac has anticipatorily repudiated the contract, the balance of payments due through the end of the term are now due. Such amount is approximately $345,000 over and above the amount due through August 1, 2022.

69. Pedigree has incurred and will continue to incur litigation expenses in connection with FastTrac's failure to pay amounts due to Pedigree.

## Count 2 – Unjust Enrichment

70. Pedigree has provided certain products and services to FastTrac.

71. FastTrac accepted the benefits of those products and services knowing that it was required to pay Pedigree for the same.

72. FastTrac has been enriched by having received the benefit of the products and services.

73. Pedigree has been impoverished by providing products and services without having received compensation.

74. As a direct and proximate result of FastTrac's unjust enrichment, Pedigree is entitled to damages in an amount to be proven at trial.

## Count 3 – Conversion

75. Pedigree is the owner of the Detained Equipment described above.

76. Despite receiving several demands, FastTrac has failed to pay for or return the Detained Equipment to Pedigree and is willfully depriving Pedigree of the equipment.

77. Pedigree is entitled to damages as allowed by law, including but not limited to N.D.C.C. § 32-03-23, in addition to interest, costs, and disbursements.

## RELIEF SOUGHT

WHEREFORE, Pedigree respectfully requests that the Court (a) dismiss FastTrac's complaint with prejudice; (b) award Pedigree damages in an amount to be proved at trial; (c) award Pedigree costs, disbursements, and to the extent permitted by law, attorneys' fees incurred in this action as permitted by contract; and (d) award Pedigree such other and further relief as is just and equitable.

Dated this 15th day of August, 2022.

*/s/ Abigale R. Griffin*
Aubrey J. Zuger #06281
Abigale R. Griffin #09044
**FREDRIKSON & BYRON, P.A.**
51 Broadway, Suite 400
Fargo, ND 58102
Telephone: (701) 237-8200
azuger@fredlaw.com
agriffin@fredlaw.com

Todd Wind #0196514
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000
twind@fredlaw.com
*Admitted Pro Hac Vice*

ATTORNEYS FOR DEFENDANT