IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| FASTTRAC TRANSPORTATION, LLC § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:22-CV-00053-PDW-ARS |
| § | |
| PEDIGREE TECHNOLOGIES, LLC § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE MOTION TO COMPEL DISCOVERY**

Plaintiff, FastTrac Transportation, LLC ("**FastTrac**"), files this reply to Defendant's response to its Motion to Compel Discovery, as follows:

**INTRODUCTION**

1. Pedigree responds, with conclusory, and sweeping denials in hopes of never having to confront the merits of this matter. Pedigree is aware if it is required to properly respond to discovery and address the merits of this case, the fraud it perpetrated on Fast Trac will be readily apparent. Therefore, Pedigree chose to be obstructionist in responding to discovery, taking advantage of the compressed discovery period and relying on an argument that Fast Trac waited until the last day to act when, in fact, it was Pedigree's own failure to produce its documents in a matter mandated by the Federal Rules of Civil Procedure which occasioned the delay.[1]

2. Pedigree's arguments are the same form over substance arguments it has utilized in its other efforts to avoid having to confront the merits of this matter. However, those arguments fail in seeking to avoid production of what Pedigree calls, "its lifeblood."[2]

---

[1] Delay only in the sense that Fast Trac acted at the end, but always within the time periods allowed.
[2] Defendant's Response to Motion to Compel Discovery (Dkt. 42) at 1.

1

**REPLY**

3.     If there had been any question that Pedigree's source code was "relevant and necessary" the Declaration of Joshua DeCock puts that to rest. DeCock states, "[w]ithout the source code, Pedigree would not exist."[3] DeCock also states, "Pedigree is a technology company that resells hardware manufactured by third parties to enable its highly confidential and proprietary software."[4] The DeCock Declaration proves what Fast Trac has argued all along – it is the Pedigree software and its represented capabilities[5] that are at the core of the contract between Fast Trac and Pedigree. Fast Trac was not purchasing "hardware manufactured by third parties" and Pedigree could not argue with a straight face that is what is was selling to Fast Trac. Fast Trac sought to purchase what was represented to be the basis of the contract with Pedigree; the ability,

---

[3] Declaration of Joshua DeCock (Dkt. 43) at 1.
[4] *Id.*
[5] Among the representations made to Fast Trac to induce it to purchase the Pedigree System are the following, most of which rely on Pedigree software and source code to determine if those contractual representations are, in fact, true:
- The Pedigree System was the fastest, easiest, all-in-one solution for FMCSA ELD compliance;
- The Pedigree System would be seamlessly implemented across FastTrac's fleet using "plug and play" capabilities without the need for installation by a mechanic;
- The Pedigree System would automate the logbook process and provide FastTrac and its clients with real-time data regarding the location and activities of its vehicles and drivers;
- The Pedigree System would provide continuous recording from and access to the Dash Cams;
- The Dash Cam streamed video and stored locally to the Cab-Mate One Tablet and Dash Cam as well on cloud-based storage on Pedigree's OneView platform;
- The Pedigree System would allow FastTrac to pull video on demand 24 hours of the day;
- The Pedigree System would have event-based automatic video capture for certain trigger events such as impact/accident, airbag deployment, and heavy deceleration / acceleration;
- The Pedigree System could be set up in a truck with a quick 10-minute install;
- The Pedigree System used a high quality, long-lasting ruggedized tablet;
- The Pedigree System included the FMCSA-required ELD malfunction indicator;
- The Pedigree System was a worry-free, always compliant solution;
- The Pedigree System was a legendary ELD compliance solution;
- The Pedigree System powered up within a minute as required by the ELD Rule;
- The Pedigree System was the most intuitive, user-friendly solution on the market;
- The Pedigree System was developed jointly with industry-leading hardware providers;
- The Pedigree System would have its camera solution ready for deployment on FastTrac's fleet by Q4 2020; and
- Pedigree would focus on identifying FastTrac's objectives and pains and tailor its solutions to impact those items.

through its software, to perform the tasks Pedigree represented to Fast Trac. For Pedigree to now feign surprise that its source code, "its lifeblood", its very reason for existing, is not relevant and discoverable is disingenuous, as best. What would entice Fast Trac, or any other potential contracting party to enter into a contract with Pedigree other than the capabilities of its source code. The answer, supported by Joshua DeCock, is nothing, because "without the source code, Pedigree would not exist."

    4.    That Pedigree's source code may constitute a trade secret is not a barrier to production. Fast Trac has repeatedly stated it is willing to agree to any reasonable protection for Pedigree's source code. Contrary to what Pedigree would lead the Court to believe, production with adequate protections in place of source code, is not unusual.[6] In each of the cases Pedigree cites to support its statement that Courts afford trade secret protection to source code, the item(s) for which trade secret protection was sought had been produced.[7]

    5.    Pedigree was aware, at the very latest, by January 12, 2023, that Fast Trac sought the Pedigree source code and Fast Trac believed it had been requested. This eliminated any "mental gymnastics" or speculation by Pedigree as conferring after discovery has been received often does. Rather than agree to produce the source code when it clearly was aware Fast Trac expressed the requests to which it was applicable, Pedigree, on January 13, 2023, stated it would not produce any software or code until FastTrac specifies with greater specificity the specific software it sought. This is a catch-22 and Pedigree knew it was placing Fast Trac in an untenable position. Without the Pedigree source code, it is impossible for FastTrac to determine what

---

[6] *See, e.g., Trustees of Columbia University in the City of New York v. Symantec*, 2014 WL 12979655 (U.S. Dist. Ct. E.D Va. April 23, 2014);*Keithley v. Homestore.com, Inc.*, 629 F. Supp.2d 972, 975 (N..D. Cal. 2008); *Peer Comm. Corp. v. Skype Technologies, et. al.*, 2008 WL 11344904 at *2 (E.D. Tex., Tyler Div. Mar 10, 2008)

[7] *See, e.g., Ohio A. Philip Randolph Inst. v. Householder*, 2019 WL 1002978 (S.D. Ohio Mar 2, 2019); *Bartech Int'I, Inc. v. Mobile Simple Sols., Inc.* 2016 WL 2593920 at *2 (D. Nev. May 5, 2016); *Alumni Research Found. v. Apple, Inc.* 2015 WL 6453837 at *1(W.D. Wis. Oct. 26, 2015); *Apple, Inc. v. Samsung Elecs., Co.* 2012 WL 6115623 at *2(N.D. Cal. Dec. 10, 2012).

software is embedded in Pedigree's own system. It is patently unfair for Pedigree to hide behind this trap of its own making. *See IT Casino Solutions, LLC v. Transient Path, LLC*, 2022 WL 17968078, at *8 (N.D. Cal. Sept. 22, 2022) (stating "[a]s a practical matter, it would be difficult for [the plaintiff] to specifically state what it expects to find within software or source code that it has not seen.").

6. In further response to its argument that Fast Trac did not request the source code, Pedigree argues that in Requests 39-45 and 49 because Fast Trac requests a "<u>copy</u>" that could not possibly implicate the source code. The actual request seeks not only a "copy" but a "copy of all <u>documents</u> and communications" which request does include a request for documents and by extension, the source code. There is no doubt the source code is responsive to Fast Trac's requests, and if Pedigree was uncertain, that uncertainty was cleared up during the exchange leading up to this discovery dispute.

7. The Court should not be persuaded by arguments that producing the source code is difficult, burdensome or unreasonably time consuming as advanced by the Declaration of Joshua DeCock. Mr. DeCock's declaration is self-serving and speculative. He repeatedly says that he is estimating – as to the value of the source code, as to the time it would take to transfer, etc. Mr. DeCock does not attempt to suggest that he has any qualifications for transferring and examining source code. He provides no qualifications other than his role as Vice President of Produce Management for Pedigree. Mr. DeCock does not even state that he has ever been involved in the process of producing source code. The Court should not rely on his declaration.

8. In response to Mr. DeCock's Declaration, Fast Trac attaches the Declaration of Mahdi Eslamimehr, PhD[8]. Dr. Eslamimehr sets out his qualifications, his experience in examining

---

[8] Declaration of Mahdi Elsamimehr, PhD in Support of the Motion to Compel and Rebuttal to Joshua DeCock is attached at Exhibit "A".

4

source code as well as the protections of the source code which are provided in a process like the one requested by Fast Trac. Dr. Eslamimehr provides an experienced, realistic measure of the realities of producing source code in litigation, as opposed to Mr. DeCock's speculation. As shown by Dr. Eslamimehr, source code is routinely exchanged in discovery in breach of contract cases. Dr. Eslamimehr describes the process of independently analyzing source code and the protections affording the code. He also explains precisely why the various versions of the source code must be examined objectively, not subjectively, according to industry standard practices, which Dr. Eslamimehr follows. It is only through this objective analysis can the finder of fact determine whether Pedigree had the ability to provide the functions which were promised to Fast Trac.

## **CONCLUSION**

WHEREFORE, Fast Trac Transportation, LLC respectfully requests this Court to compel the production of the Pedigree Technologies, LLC "Pedigree System" source code and for all other and further relief to which Fast Trac Transportation, LLC may show itself justly entitled.

Respectfully submitted,

By: /s/ *Brad J. Brown*
Brad J. Brown (ND Bar #07571)
Erik J. Edison (ND Bar #08790)
CROWLEY FLECK PLLP
PO Box 797
Helena, Montana 59624
(406) 449-4165 Main
(406) 449-5149 Fax
bbrown@crowleyfleck.com
ejedison@crowleyfleck.com

By: /s/ *William A. Gage, Jr.*
William A. Gage Jr. *
SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP
717 Texas Ave., 27th Floor
Houston, Texas 77002
(832) 415-1801 Main

5

(832) 565-9030 Fax
bgage@shackelford.law

\* Admitted to the United States District Court
for the District of North Dakota

**ATTORNEYS FOR PLAINTIFF,
FASTTRAC TRANSPORTATION, LLC**